UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**PATRICK MATTETE, #A#-96451506,**

        Petitioner,

v.    2:06CV652

**MARY F. LOISELLE, Field Office
Director for Detention and
Removal Operations, Immigration
and Customs Enforcement (ICE),**

        Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges violation of federal rights because he has been unconstitutionally detained by ICE for more than ninety days and has thus been deprived of his liberty interest. Petitioner does not, in this proceeding, attack any underlying convictions.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on July 11, 2007. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on July 24, 2007, objections to the report.

The Court, having reviewed the record and examined the objections filed by petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and

recommendations set forth in the report of the United States Magistrate Judge filed July 11, 2007.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis that petitioner has been deported and the matter is now MOOT, and on the merits. and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusions, the objections are without merit.  Petitioner argues that the Magistrate Judge failed to properly evaluate his case in the context of <u>Zavydas v. Davis</u>, 533 U. S. 678 (2001).  To the contrary, the Magistrate Judge interpreted the case in the appropriate context of <u>Zavydas</u>, which does not mandate release of a detained alien after six months but merely shifts the burden of proof and changes the circumstances which must be considered when a petitioner seeks release.

To the extent that petitioner objects to the Magistrate Judge's assessment of the evidence, the objection is without merit.  The affidavit of Alex I. Craciunescu, Esquire, associate attorney with the International Business Law Firm, P.C., presents the hearsay remarks of another counsel and the reported words of a consular officer.  The conclusion that petitioner is a Tanzanian comes from the case itself.  While petitioner may now consider himself a Kenyan, the Magistrate Judge was not incorrect in concluding that he was, in fact, a Tanzanian.  Finally, the inability of petitioner to prove his position in relation to deportation, is not the Magistrate Judge's fault and requires no further response.

Petitioner's principal claim arises out of his assertion that neither Tanzania nor Kenya would accept him as a deportee.  At an earlier stage of the deportation proceeding, his assertion was probably correct.

However, there was not, and never has been, any evidence to support a conclusion by ICE that petitioner would never be accepted in either country. Instead, there were intense delays, largely due to petitioner's refusal to sign documents essential to the process. Petitioner's failure to cooperate, combined with his conviction for sexual assault on a minor, created a circumstance in which the decision by ICE to continue to hold petitioner in custody was appropriate.

Finally, even if petitioner's claims had merit, which they do not, they are MOOT. On September 28, 2007, respondent notified the Court that petitioner was deported on September 17, 2007, on a travel document issued by the embassy of Tanzania.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to all counsel of record.

/s/
**JEROME B. FRIEDMAN**
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**October 26, 2007**